UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

YANET RIOS, on behalf of herself
and others similarly situated,

      Plaintiff,

      v.

TOP DENTAL PLLC, a Florida Limited Liability Company,
d/b/a GREENACRES DENTAL SERVICES, ELISEO FIFFE,
individually, and KATIUSKA MCINTOSH, individually,

      Defendants.
_____/

## **COMPLAINT**

1.    Plaintiff, YANET RIOS (hereinafter referred to as "RIOS" and "Plaintiff"), is an individual residing in Palm Beach County, Florida.

2.    Defendants, TOP DENTAL PLLC, a Florida Limited Liability Company d/b/a GREENACRES DENTAL SERVICES, ELISEO FIFFE, individually, and KATIUSKA MCINTOSH, individually (hereinafter collectively referred to as "Defendants"), have at all times material to this Complaint owned and operated a dental practice specializing in cosmetic, implant, and family dentistry located at 3098 Jog Road, Suite B, Greenacres, Florida 33467  in Palm Beach County, within the jurisdiction of this Court.

3.    At all times material to this Complaint, Defendants, ELISEO FIFFE and KATIUSKA MCINTOSH, have owned and managed TOP DENTAL PLLC, d/b/a GREENACRES DENTAL SERVICES, and Defendants FIFFE and MCINTOSH have regularly exercised the authority to hire and fire employees including Plaintiff, determined the manner in which Plaintiff and other employees were compensated, determined how Plaintiff and other

1

employees' hours worked were tracked or recorded, set the rates of pay of Plaintiff and other employees, and/or controlled the finances and day-to-day management operations of TOP DENTAL PLLC, d/b/a GREENACRES DENTAL SERVICES. By virtue of such control and authority, ELISEO FIFFE and KATIUSKA MCINTOSH have been an employer of Plaintiff and the other employees of HOMELAND PATROL CORP. similarly situated to Plaintiff as defined by the FLSA, 29 U.S.C. §203(d).

4.     Plaintiff brings this action on behalf of herself[1] and other current and former hourly, non-exempt employees of Defendants similarly situated to Plaintiff who have worked in Defendants' dental practice, however variously titled, for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b).

5.     At all times material to this Complaint, RIOS was an employee of Defendants, TOP DENTAL PLLC, d/b/a GREENACRES DENTAL SERVICES, ELISEO FIFFE and KATIUSKA MCINTOSH, within the meaning of the FLSA, 29 U.S.C. §203(e)(1).

6.     The facts and circumstances of the work RIOS performed for Defendants, TOP DENTAL PLLC, d/b/a GREENACRES DENTAL SERVICES, ELISEO FIFFE and KATIUSKA MCINTOSH, between approximately September 2019 and February 2020 reveal and confirm that Plaintiff was an employee of Defendants under the law, not an independent contractor, including but not limited to because:

    (a) Plaintiff worked on a permanent and continuous basis carrying out non-exempt duties in Defendants' dental practice each week;
    (b) Plaintiff was wholly dependent on Defendants for earning her livelihood;
    (c) Plaintiff had no opportunity for profit or loss dependent upon any managerial skill of Plaintiff;

---

[1] Attached hereto is a signed Consent to Join of YANET RIOS.

(d) Defendants exercised direct and extensive control over the manner in which and times at which Plaintiff was required to perform work each day for Defendants;

(e) the duties Plaintiff carried out on a daily basis in Defendants' dental practice did not require specialized skills by Plaintiff; and

(f) Plaintiff's duties for Defendants were an integral part of Defendants' dental business.

7.      At all times material to this Complaint, Defendants, TOP DENTAL PLLC, d/b/a GREENACRES DENTAL SERVICES, ELISEO FIFFE and KATIUSKA MCINTOSH, were employers or a joint employer of RIOS within the meaning of the FLSA, 29 U.S.C. §203(d).

8.      Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 29 U.S.C. §1337 and a substantial part of the events giving rise to this action occurred within the jurisdiction of the United States District Court for the Southern District of Florida, Palm Beach Division.

9.      At all times material to this Complaint including but not necessarily limited to during the years of 2017, 2018, 2019, and 2020, TOP DENTAL PLLC, d/b/a GREENACRES DENTAL SERVICES, had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, RIOS alleges based upon information and belief, and subject to discovery, that at all times material to this Complaint including during the years 2017, 2018, 2019, and 2020, TOP DENTAL PLLC, d/b/a GREENACRES DENTAL SERVICES, employed two (2) or more employees who, *inter alia*, regularly: (a) handled and worked with dental tools, equipment, and supplies—including but not limited to Mouth mirrors, Dental probes, Anesthetics, Dental Syringes, Dental Drills, Spoon Excavators, Burnishers, Scalers, Curettes, and Suction during X-ray Mound—that were goods and/or materials moved in or produced for commerce; (b) handled and worked with office equipment—including but not limited to computers, photocopier/scanner, printers, telephones—that were goods and/or materials moved in or produced for commerce; (c)

handled, worked with, and sold to Defendants' patients/customers: Chlorhexidine (by the bottle to take home) and Dental Treatments such as SRP, extractions, Periodontal procedures, Root canal, and Prophylaxis, all of which were or used goods and/or materials moved in or produced for commerce; (d) handled and worked with commercial office supplies—including but not limited to paper, pens, and UPS, FedEx, and United States Postal Service shipping materials—that were goods and/or materials moved in or produced for commerce; and (e) processed out-of-state checks, electronic bank transfers, credit card transactions, and insurance payments by and for Defendants' customers and/or insurance carriers both inside and outside of Florida, including but not necessarily limited to electronic payment transactions processed through merchant services for both credit card companies such as Visa, Mastercard, American Express, and Discover and insurance companies in the following States: Arizona, California, Florida, Georgia, Idaho, Iowa, New York, North Carolina, South Carolina, Tennessee, and Texas.

10.     Based upon information and belief, the annual gross sales volume of TOP DENTAL PLLC, d/b/a GREENACRES DENTAL SERVICES, was in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2017, 2018, 2019, and 2020.

11.     At all times material to this Complaint, including but not necessarily limited to during the years of 2017, 2018, 2019, and 2020, TOP DENTAL PLLC, d/b/a GREENACRES DENTAL SERVICES, has constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

12.     In approximately September 2019, Defendants hired RIOS as a non-exempt, hourly Office Coordinator based upon the regular rate of $20.00 per hour.

13.     During the three (3) year statute of limitations period between approximately September 2019 and February 2020, RIOS performed non-exempt work as an hourly Officer Coordinator for Defendants' dental practice with Plaintiff's primary job duties consisting of the following non-exempt tasks:   (a) scheduling patient appointments and working with walk-in patients; (b) entering payments from patients and insurance information into Defendants' billing system; (c) obtaining confirmation of insurance coverage and insurance breakdowns with insurance carriers; and (d) reviewing outstanding patients-insurance payments to be collected by Defendants.

14.     At all times material to this Complaint between approximately September 2019 and February 2020, RIOS was herself individually engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §207(a)(1), because, *inter alia*, Plaintiff: (a) regularly performed work on interstate patients-insurance accounts for Defendants; and (b) regularly communicated via telephone and electronically with insurance carriers locations outside of Florida including—for example but not limited to— Arizona, California, Georgia, Idaho, Iowa, New York, North Carolina, South Carolina, Tennessee, and Texas.

15.     The additional persons who may become Plaintiffs in this action are Defendants' current and former non-exempt, hourly workers in Defendants' dental practice, however variously titled, who have worked for Defendants in one or more weeks between May 2017 and the present without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week for Defendants.

16.     During the three (3) year statute of limitations period between approximately September 2019 and February 2020, RIOS regularly worked as a non-exempt hourly Office Coordinator for Defendants approximately five (5) to six (6) days per week with regular start times

between approximately 8:00 to 8:30 a.m. and stop times that ranged between approximately 6:30 p.m. to as late as 10:00 to 11:00 p.m.

17.     Likewise, the other employees of Defendants who are similarly situated to RIOS have regularly worked as non-exempt, hourly workers in Defendants' dental practice, however variously titled, in excess of Forty (40) hours in one or more work weeks for Defendants within the three (3) year statute of limitations period between May 2017 and the present.

18.     However, Defendants have failed to pay time and one-half wages for the overtime hours worked by RIOS and the other similarly situated non-exempt, hourly workers in Defendants' dental practice, however variously titled, for all of their actual overtime hours worked during multiple work weeks within the three (3) year statute of limitations period between May 2017 and the present as a result of *inter alia*, Plaintiff and the other similarly situated employees performing work off the clock for which Defendants failed to compensate them as required by the FLSA.

19.     Subject to discovery, based upon Plaintiff being owed an average of approximately Twenty-Five (25) uncompensated overtime hours per week from Defendants at the rate of $30.00 per hour [$20.00/hour x 1.5 = $30.00/hour] during a total of approximately Seventeen (17) out of the Twenty-Six (26) work weeks of her employment with Defendants between approximately September 2019 and February 2020, Plaintiff's unpaid overtime wages total $12,750.00 [$30.00/hour x 25 Unpaid OT hours/week x 17 weeks = $12,750.00].

20.     Based upon information and belief, Defendants have failed to maintain accurate records of the all of the actual start times, stop times, number of hours worked each day, and total hours actually worked each week by RIOS and other similarly situated non-exempt, hourly workers in Defendants' dental practice, however variously titled, during each week between approximately May 2017 and the present as required by the FLSA, 29 C.F.R. §516.2(a)(7).

21.     At all times material to this Complaint, Defendants had knowledge of the hours worked in excess of Forty (40) hours per week by RIOS and other similarly situated non-exempt, hourly workers in Defendants' dental practice, however variously titled, during each week between May 2017 and the present but Defendants have willfully failed to compensate Plaintiff and the other similarly situated employees for all of their actual overtime hours worked for Defendants, instead accepting the benefits of the work performed by RIOS and other employees without the overtime compensation required by the FLSA, 29 U.S.C. §207.

22.     The complete records reflecting the compensation paid by Defendants to RIOS and the other similarly situated non-exempt, hourly workers in Defendants' dental practice, however variously titled, at any location between May 2017 and the present are in the possession, custody, and/or control of Defendants.

<u>**COUNT I**</u>
<u>**OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**</u>

23.     Plaintiff, YANET RIOS, readopts and realleges the allegations contained in Paragraphs 1 through 22 above.

24.     RIOS is entitled to be paid time and one-half of her applicable regular rates of pay for each hour she worked for Defendants as a non-exempt employee in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately September 2019 and February 2020.

25.     All similarly situated non-exempt, hourly workers in Defendants' dental practice, however variously titled, of Defendants are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendants at any location but were not properly compensated for working on Defendants' behalf during any work weeks within the three (3) year statute of limitations period between May 2017 and the

present.

26.     Defendants knowingly and willfully failed to pay RIOS and other non-exempt, hourly workers in Defendants' dental practice, however variously titled, similarly situated to her at time and one-half of their applicable regular rates of pay for all hours worked for Defendants in excess of Forty (40) per week between May 2017 and the present.

27.     At all times material to this Complaint, Defendants had constructive and actual notice that Defendants' compensation practices did not provide RIOS and other non-exempt, hourly workers in Defendants' dental practice, however variously titled, with time and one-half wages for all of their actual overtime hours worked between May 2017 and the present based upon, *inter alia*, Defendants knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated employees.

28.     By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to her) have suffered damages plus incurring costs and reasonable attorneys' fees.

29.     Based upon information and belief, at all times material to this Complaint, Defendants did not have a good faith basis for their failure to pay time and one-half wages for all of the actual hours worked by RIOS and other non-exempt, hourly workers in Defendants' dental practice, however variously titled, as a result of which Plaintiff and those similarly situated to her are entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

30.     RIOS has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

31.     Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, YANET RIOS, and any current or former employees similarly situated to her who join this action as Opt-In Plaintiffs, demand judgment against Defendants, jointly and severally, TOP DENTAL PLLC, d/b/a GREENACRES DENTAL SERVICES, ELISEO FIFFE, and KATIUSKA MCINTOSH, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.


Dated:  May 12, 2020                           Respectfully submitted,


                              By:     **KEITH M. STERN**
                                      Keith M. Stern, Esquire
                                      Florida Bar No. 321000
                                      E-mail:  employlaw@keithstern.com
                                      LAW OFFICE OF KEITH M. STERN, P.A.
                                      80 S.W. 8th Street, Suite 2000
                                      Miami, Florida 33130
                                      Telephone:  (305) 901-1379
                                      Fax: (561) 288-9031
                                      Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1.      I consent to be a party plaintiff in a lawsuit against Defendants, **Top Dental PLLC d/b/a Greenacres Dental Services, Eliseo Fiffe, and Katiuska McIntosh**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2.      I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims.  I agree to be bound by any settlement approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

Yanet Rios (Mar 7, 2020)

**Yanet Rios**